IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHRISTOPHER T. LEWIS**                                                                 **PLAINTIFF**

**VS.**                                                              **CIVIL ACTION: 1:14cv460-RHW**

**MARK DAVIS,** *et al.*                                                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court is [48] Defendants' July 9, 2015 motion for summary judgment in this *pro se* prisoner's civil rights lawsuit filed under 42 U.S.C. § 1983.[1]  Defendants contend the plaintiff failed to exhaust available administrative remedies prior to filing the lawsuit.  Although Lewis filed no response, since the motion is dispositive, the Court considers it on the merits.

### Facts and Procedural History

Christopher T. Lewis filed this lawsuit on December 22, 2014 while he was incarcerated at South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi, serving a 19 year, 11 month sentence for a conviction of armed robbery from Harrison County.  His tentative release date is February 7, 2031.  Lewis's complaint arises from an incident which occurred on November 20, 2014.  According to his pleadings and testimony at the *Spears*/omnibus hearing on April 9, 2015, as Lewis and several other inmates were leaving Building C-2 to go to the dining hall for the evening meal, Tower Officer Jessica Leggins locked the exit doors, preventing them from going to eat.  Lewis testified all the inmates were angry, that everybody wanted to go eat, and that he went to the tower "to exercise [his] right to be fed" and requested to speak to a ranking officer.  Leggins called for K-9 officers who came into the area with guns, had the

---

[1]The motion was originally filed by Defendants Davis, Luker, Keyes, Leggins, Austin and Byrd.  Defendant Unknown Ceasar (Joshua Csaszar, according to his answer) has joined in the summary judgment motion filed by his co-defendants.  [54]

inmates go back to their zone, and made everyone get down on the floor.  Lewis alleges that when Leggins pointed him (Lewis) out, Officer Luker kicked him in the ribs.  Luker and Officer Byrd picked Lewis up off the floor, allegedly hitting him in the jaw and eye in the process, and escorted him off the zone into the hallway, where they "slammed" Lewis on the floor and made him stay there around 30 minutes.  Lewis testified his injuries consisted of a swollen jaw, black eye and bruises/soreness in the ribs, legs and back, all of which resolved in a few days.  Lewis contends Officer Leggins was "the initiator of all of this ... because she neglected to do her job," and that he wound up injured because he "chose to exercise [his] right to be fed..." [15, p. 3-4], [1, p. 5], [1-1]  Lewis claims he was then denied medical attention for his injuries.[2]  All parties have consented to the exercise of jurisdiction by the United States Magistrate pursuant to 28 U.S.C. § 636(c) and FED.R.CIV.P. 73, and the case was reassigned to the undersigned for all further proceedings.  [44]

     Defendants urge the lawsuit should be dismissed because Lewis failed to exhaust available administrative remedies before he filed the case.  In his complaint, Lewis states he was an inmate of the Mississippi Department of Corrections (MDOC) when the incident occurred.  He states in his complaint that he did not complete the Administrative Remedy Program (ARP) regarding his claims "because it involves a lot of MDOC staff in key positions who can hurt me.  Sensitive issue complaint was done to superintendent."  [1, p. 3]  In document [5], Lewis alleges he sent a sensitive issue complaint to Superintendent Johnny Denmark on November 21, 2014, and filed one with Superintendent Raymond Byrd on December 16, 2014.  Lewis dated his complaint December 16, 2014.  [1, p. 4]

---

[2] Lewis testified only that he put in a sick call request on November 21, 2014, but was not taken to medical.

In support of their motion, Defendants have submitted [48-1] the affidavit of Joseph Cooley, ARP Investigator II for SMCI.  Cooley states Lewis filed no grievance through the ARP at SMCI concerning being beaten by K-9 Officers or denied medical treatment.

## Summary Judgment Standard

Under Rule 56(a), FED.R.CIV.P., summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The initial burden is on the party seeking summary judgment to identify those portions of the pleadings and discovery on file, together with any affidavits, that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant carries its burden, the non-movant must show that summary judgment should not be granted.  *Celotex Corp.*, 477 U.S. at 324-25.  The non-movant may not rest upon mere allegations or denials.  Conclusory allegations will not suffice to defeat a summary judgment motion.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  To rebut a properly supported summary judgment motion, the non-movant must show by "significant probative evidence" that there exists a genuine issue of material fact.  *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).  A material fact is one that might affect the outcome of the suit under governing law; a genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-movant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## Law and Analysis

As authorized by statute,[3] the MDOC has established an Administrative Remedy Program (ARP) to address inmates' complaints regarding their incarceration.  *Howard v. Epps*, 2013 WL

---

[3] MISS. CODE ANN. 47-5-801.

2367880, at *2 (S.D. Miss. May 29, 2013).  The ARP has two steps: first, within 30 days of the incident of which he complains, an inmate must submit his written grievance to the prison legal claims adjudicator, who screens the grievance and determines whether to accept it into the ARP process.  If accepted, the grievance is forwarded to the appropriate official who issues a First Step Response to the inmate's complaint.  If the inmate is dissatisfied with the response, he may continue to the second step by completing the appropriate ARP form and sending it to the legal claims adjudicator.  The Superintendent or Warden issues the Second Step Response, which is the final ruling at the prison.  If the inmate is dissatisfied with the Second Step Response, he may file suit in federal court.  *Id*.

Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed under 42 U.S.C. § 1983.  *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006)(holding "proper exhaustion of administrative remedies is necessary").  The Fifth Circuit takes "a strict approach" to the exhaustion requirement.  *See Johnson v. Ford*, 261 Fed.Appx. 752, 755  (5th Cir. 2008).  Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes..." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).  Dismissal is appropriate where an inmate has not properly exhausted the administrative grievance procedure before filing his complaint.  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).  Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the

exhaustion requirement – the grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358.

"Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, ... judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.*, 596 F.3d at 272.

Plaintiff's complaint is that officers used excessive force in the November 20, 2014 incident at SMCI, and denied him medical care for resulting injuries. The Cooley affidavit establishes Lewis filed no grievance through the ARP at SMCI for these claims. Lewis has presented nothing more than his conclusory statement that a "sensitive issue complaint was done to superintendent" Denmark on November 21, 2014, and to Superintendent Byrd December 16, 2014, the same date which appears on the complaint he filed in this Court on December 22, 2014. Conclusory allegations that an inmate filed a grievance do not create a genuine dispute as to exhaustion. *Roark v. Flanery*, 2014 WL 4447451, at *6 (E.D. Tex. Sept. 9, 2014), appeal dismissed (Dec. 11, 2014) (citing *Kidd v. Livingston,* 463 Fed.Appx. 311, 2012 WL 614372 (5th Cir., February 28, 2012), *cert. denied,* 133 S.Ct. 36 (2012)). The motion for summary judgment will be granted, and this case, dismissed for Plaintiff's failure to exhaust administrative remedies. A separate judgment will be entered.

**SO ORDERED**, this the 29th of September, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE